# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL D.S. EDWARDS,

    Plaintiff,

v.

OSI COLLECTION SERVICES, INC., et al.,

    Defendants.

Case No. 2:04-CV-00235-KJD-PAL

**ORDER**

    Presently, the Court has before it Defendant OSI Collection Services, Inc.'s Motion to Compel Plaintiff's Compliance with the Court's Order of August 8, 2005 (#37) and Request for Sanctions, Attorney's Fees and Costs (#38). Plaintiff filed a response in opposition (#39), to which Defendant filed a reply (#40).

    On March 22, 2005, the Court entered an Order (#19) granting Defendants' Motion to Dismiss (#4), dismissing Plaintiff's Amended Complaint as to all Defendants, and granting Defendant's demand for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). On March 23, 2006, Plaintiff filed his notice of appeal (#21). This case is currently on appeal.

    Defendant OSI Collection Services, Inc. ("Defendant OSI") has filed the instant motion seeking compliance with this Court's Order entered on August 8, 2005, directing Plaintiff to pay Defendant OSI $5,537.00 for its attorney's fees and $394.34 for its costs. In objecting to the motion

to compel, Plaintiff's main argument is that this Court lacks jurisdiction to address the motion because the case is currently on appeal.

As a general rule, "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). When a notice of appeal has been filed concerning the merits of a case, the Ninth Circuit has held that "a district court in this circuit retains jurisdiction to rule upon a request for attorney fees." See League of Women Voters v. FCC, 751 F.2d 986, 990 (9th Cir. 1985). The award of fees and costs is a collateral issue over which the district court normally retains jurisdiction even after being divested of jurisdiction over the merits. See Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992). Because such an award is a collateral matter, a notice of appeal vis-a-vis a district court's order granting summary judgment does not imbue the circuit court with jurisdiction to review a post-judgment order granting attorney's fees. See Leslie, 198 F.3d at 1160. Accordingly, the Ninth Circuit has held that a post-judgment order granting attorney's fees must be seperately appealed. See Farley v. Henderson, 883 F.2d 709, 712 (9th Cir. 1989).

The rule that the award of attorney's fees is a collateral issue over which a district court continues to retain jurisdiction despite the filing of a notice of appeal appears to assume that such an award is entered in a post-judgment order. In the instant case, the Court granted Defendant's request for attorney's fees in the same order that it granted Defendant's Motion to Dismiss, or alternatively, Motion for Summary Judgment (#4). In his notice of appeal, Plaintiff specifically stated that he was appealing the Order and Final Judgment entered on March 22, 2005. Prudence accordingly dictates that the Court find that it lacks jurisdiction to address issues concerning the March 22, 2005 Order. Because this Order awarded attorney's fees, the notice of appeal divested this Court from addressing whether attorney's fees may be awarded as well as the auxiliary power of compelling the payment of

1  such.[1]  Until the Ninth Circuit issues it mandate and remands this case back, this Court is without

2  jurisdiction to address the propriety of an award of attorney's fees or to compel their payment.

3        Accordingly, IT IS HEREBY ORDERED that Defendant OSI Collection Services, Inc.'s

4  Motion to Compel Plaintiff's Compliance with the Court's Order of August 8, 2005 (#37) and

5  Request for Sanctions, Attorney's Fees and Costs (#38) is **DENIED WITHOUT PREJUDICE**

6  **FOR LACK OF JURISDICTION**.

7        DATED this 13th day of December 2006.

          _____
          Kent J. Dawson
          United States District Judge

---

[1] The Court finds that although the notice of appeal divested it of jurisdiction to determine whether or not an award of attorney's fees may be awarded, the notice of appeal did not divest it of determining how much such an award may be.  Accordingly, the Court will neither vacate nor reconsider its Order entered on August 8, 2005.